**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY DEER CONTROL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> EN GARDE DEER DEFENSE, LLC, *et al.*, <br><br> Defendants. | Civil Action No. 24-5587 (MAS) (RLS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court upon New Jersey Deer Control, LLC's ("NJDC" or "Counterclaim Defendant") Motion to Dismiss En Garde Deer Defense, LLC ("En Garde") and Jeffery Ardo's ("Ardo") (collectively, "Counterclaim Plaintiffs") Counterclaims. (ECF No. 29.) Counterclaim Plaintiffs opposed (ECF No. 33), and Counterclaim Defendant replied (ECF No. 34). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons set forth below, the Court grants Counterclaim Defendant's Motion to Dismiss.

**I. BACKGROUND**

  The Court, cognizant that it writes for the benefit of parties familiar with this matter, adopts and incorporates the factual background set forth in the Court's Memorandum Opinion dated June 3, 2024. (ECF No. 16.) In this Memorandum Opinion, the Court will only cite the facts and procedural information necessary to adjudicate Counterclaim Defendant's instant motion.

A.  **Factual Background**[1]

NJDC is a deer repellent spraying service provider offering deer damage solutions to residential, landscaping, and nursery customers throughout New Jersey and New York, as well as through licensing agreements in other states, including Ohio. (Am. Compl. ¶ 7, ECF No. 19.) NJDC's services are built upon a proprietary system of trade secrets, developed over twenty years, which includes a unique deer repellent formula and customized application strategies (the "System"). (*Id.* ¶¶ 8-9). NJDC protects these trade secrets by requiring employees and licensees to sign confidentiality agreements. (*Id.* ¶ 10.)

In early 2017, Ardo, who had no prior experience in the industry, approached NJDC to utilize its patented spray and proprietary techniques for a deer repellent business he planned to start in Ohio. (*Id.* ¶ 11.) Subsequently, Ardo formed En Garde and entered into a licensing agreement (the "Agreement") with NJDC on March 6, 2017. (*Id.* ¶ 12.) Under the Agreement, NJDC granted Counterclaim Plaintiffs a non-exclusive, royalty-bearing license to use the Trademarks and the System within a specific territory comprising eight counties in Ohio (the "Territory"). (*Id.* ¶¶ 13-15.)

The Agreement provided Counterclaim Plaintiffs access to NJDC's System, as well as other confidential training and support resources. (*Id.* ¶ 16.) In return, Counterclaim Plaintiffs were required to pay continuing royalty fees based on a percentage of gross sales. (*Id.* ¶¶ 17-19.) Counterclaim Plaintiffs also agreed to various confidentiality, nondisclosure, and noncompete covenants, prohibiting them from competing with NJDC during the term of the Agreement and for three years after the termination of the Agreement, and from using or disclosing NJDC's trade

---

[1] For purposes of considering the instant Motion, the Court accepts all factual allegations underlying the Counterclaims as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

2

secrets. (*Id.* ¶¶ 21-25.) Using NJDC's trade secrets, the System, and comprehensive training and support, Counterclaim Plaintiffs became a leading deer repellent provider in the Territory. (*Id.* ¶ 29.) Counterclaim Plaintiffs specifically referenced their affiliation with NJDC and the System on their website, which was created from a template of NJDC's website. (*Id.* ¶ 30.)

On October 25, 2023, Counterclaim Plaintiffs notified NJDC that they did not intend to renew the Agreement, which was set to expire on March 6, 2024. (*Id.* ¶ 31.) Upon the expiration of the Agreement, NJDC sent a formal letter reminding Counterclaim Plaintiffs of their obligations under the non-compete and confidentiality provisions of the Agreement. (*Id.* ¶ 34.) NJDC alleges, and Counterclaim Plaintiffs deny, that Counterclaim Plaintiffs have continued to operate using NJDC's proprietary techniques and information without authorization, a direct violation of the confidentiality, non-compete, and non-solicitation provisions of the Agreement. (*Id.* ¶ 37; Countercls. ¶ 37, ECF No. 24.)

**B.     Procedural History**

On April 24, 2024, NJDC filed a five-count complaint seeking injunctive relief and damages arising from the alleged misappropriation and misuse of NJDC's confidential information and trade secrets. (*See generally* Compl., ECF No. 1.) Specifically, the complaint brought causes of action for breach of contract (Count One), breach of the covenant of good faith and fair dealing (Count II), unjust enrichment (Count III), violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(3)(D) (the "DTSA") (Count IV), and violation of the New Jersey Defend Trade Secrets Act, N.J. Stat. Ann. § 56:15-6 (the "NJDTSA") (Count V). (*Id.*) Alongside the complaint, NJDC brought a Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI"). (ECF No. 2-1.) On June 3, 2024, this Court entered a Memorandum Opinion and Order denying

NJDC's Motion for a TRO and PI.[2] (ECF Nos. 16, 17.) Four days later, on June 7, 2024, NJDC filed an Amended Complaint. (*See generally* Am. Compl.) The factual allegations in the complaint and Amended Complaint remain largely the same. (*Compare* Compl., *with* Am. Compl.) NJDC, however, brings three additional counts solely against En Garde for breach of contract for unpaid royalties (Count VI), breach of the covenant of good faith and fair dealing (Count VII), and unjust enrichment (Count VIII). (*Id.*)

Counterclaim Plaintiffs answered, denying most of the allegations in the Amended Complaint (*see generally* Answer, ECF No. 24) and listing affirmative defenses (Affirmative Defenses[3] ¶ 93, ECF No. 24). Counterclaim Plaintiffs also filed two Counterclaims (*see generally* Countercls. ¶¶ 94-107), which the Court also considers here (*see also* Countercl. Def.'s Moving Br., ECF No. 29-1). Counterclaim Plaintiffs assert two counterclaims for bad faith pursuit of a claim for misappropriation of trade secrets under DTSA and bad faith pursuit of a claim for misappropriation of trade secrets under NJDTSA (collectively, "Counterclaims"). (Countercls. ¶¶ 94-107.) In essence, Counterclaim Plaintiffs seek an award of attorney's fees because Counterclaim Defendant purportedly brought claims in bad faith under the respective statutes. (*Id.*)

Counterclaim Defendant moved to dismiss Counterclaim Plaintiffs' Counterclaims under Federal Rule of Civil Procedure 12(b)(6),[4] asserting that the Counterclaims are not recognized as independent causes of action under either DTSA or NJDTSA. (Countercl. Def.'s Moving Br. 1)

---

[2] In its Order, the Court also directed the parties to conduct expedited discovery. (*See* Order, ECF No. 17.)

[3] Counterclaim Plaintiffs filed their Answer, Affirmative Defenses, and Counterclaims in a single document. (*See* ECF No. 24.)

[4] Unless otherwise stated, all references to "Rule" or Rules" refer to the Federal Rules of Civil Procedure.

Counterclaim Plaintiffs responded (ECF No. 33), and Counterclaim Defendant replied (ECF No. 34).

## II.  **LEGAL STANDARD**

Courts evaluate a motion to dismiss a counterclaim under the same standard as a motion to dismiss a complaint. *See, e.g., Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 826 (3d Cir. 2011). A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court, however, may ignore legal conclusions or factually unsupported accusations that merely state that the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.   DISCUSSION

Counterclaim Plaintiffs allege two counterclaims seeking attorney's fees under DTSA and NJDTSA because they "believe [Counterclaim Defendant] is pursuing its misappropriation claim[s under these statutes] in bad faith." (Countercl. Pls.' Opp'n Br. 3, ECF No. 33.)

Counterclaim Defendant moves to dismiss the Counterclaims for failure to state a claim pursuant to Rule 12(b)(6). (Countercl. Def.'s Moving Br. 3-4.) Specifically, Counterclaim Defendant argues that the Counterclaims are not independent causes of action but instead are potential remedies for parties who have prevailed against claims of misappropriation of trade secrets, i.e., DTSA and NJDTSA. (*Id.*) In response, Counterclaim Plaintiffs argue that there is no prohibition against DTSA and NJDTSA counterclaims for attorney fees based on bad faith assertion of misappropriation of trade secrets. (Countercl. Pls.' Opp'n Br. 2.) In short, the crux of the instant dispute centers on the timing of when the request for attorney's fees under DTSA and NJDTSA ought to be brought—whether they are brought as counterclaims or whether they are brought by way of motion by the prevailing party. For the reasons outlined below, the Court finds that the Counterclaims are not independent causes of action and thus must be brought by way of motion, if and when, Counterclaim Plaintiffs become the prevailing party.

Both the DTSA and NJDTSA are fee-shifting statutes that allow for the recovery of reasonable attorney's fees if a claim of misappropriation of trade secrets is made in bad faith.[5] Courts within the Third Circuit have consistently held that claims for attorney's fees under DTSA and its state-law counterpart are not independent causes of action and must be pursued through a

---

[5] The DTSA's fee-shifting provision, 18 U.S.C. § 1836(b)(3)(D), provides that "if a claim of the misappropriation is made in bad faith, . . . [a court may] award reasonable attorney's fees to the prevailing party." Similarly, under the NJDTSA's fee-shifting provision, a "court may award to the prevailing party reasonable attorney's fees . . . [if] a claim of misappropriation is made in bad faith . . . ." N.J. Stat. Ann. § 56:15-6.

6

motion.[6] *See Elias Indus., Inc. v. Kissler & Co.*, No. 20-1011, 2022 WL 911759, at *7 (W.D. Pa. Mar. 29, 2022); *Warman v. Loc. Yokels Fudge, LLC*, No. 19-1224, 2021 WL 75267, at *5-6 (W.D. Pa. Jan. 8, 2021) (dismissing defendant's "[counter]claims for attorney's fees under [DTSA and the state-law counterpart because they] do not constitute an independent cause of action"); *Peek v. Whittaker*, No. 13-1188, 2014 WL 2154965, at *8 (W.D. Pa. May 22, 2014) (dismissing state-law counterpart of DTSA claim for attorney's fees because it was not a separate standalone claim).

Moreover, in similar circumstances where defendants brought counterclaims for attorney's fees as independent causes of action under fee-shifting statutes, courts within this circuit have dismissed them, explaining that they are not independent causes of action. *See Mruz v. Caring, Inc.*, 39 F. Supp. 2d 495, 507 (D.N.J. 1999), *abrogated on other grounds by U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383 (3d Cir. 2002) (dismissing counterclaim for attorney's fees, concluding that "if the New Jersey Legislature intended for a party to be able to recover attorneys' fees under the [New Jersey False Claims Act] by counterclaim, the legislature would have said as much in the text of the statute"); *Yang v. Taiji Oriental Spa NJ Corp.*, No. 22-1617, 2023 WL 425850, at *4, *7 (D.N.J. Jan. 9, 2023), *R&R adopted*, No. 22-1617, 2023 WL 424348 (D.N.J. Jan. 26, 2023) (dismissing defendant's counterclaim seeking attorney's fees for bad faith because such claims are "not properly asserted as a counterclaim"); *Phillips-Burke v. Neshaminy Constructors, Inc.*, No. 89-8497, 1992 WL 331465, at *4 (E.D. Pa. Nov. 3, 1992) (dismissing defendant's

---

[6] Counterclaim Plaintiffs, in their Opposition Brief, fail to point the Court to any cases within the Third Circuit that permit attorney's fees to proceed as a separate claim under the DTSA and NJDTSA (*See generally* Countercl. Pls.' Opp'n Br.), and the Court has not located any such case on its own research. *See Peek v. Whittaker*, No. 13-1188, 2014 WL 2154965, at *8 (W.D. Pa. May 22, 2014) ("[C]ourts [within the Third Circuit] have routinely considered [the state-law counterpart of DTSA] claims [for attorney's fees] on a motion following either summary judgment or trial in the proceedings where the alleged bad faith conduct occurred.").

counterclaim seeking attorney's fees and costs pursuant to the Civil Rights Act of 1964 because it was premature and was not an independent separate cause of action).

Rule 54 further animates this Court's conclusion that attorney's fees under DTSA and NJDTSA ought to be brought by way of motion. Rule 54(d) provides that "[a] claim for attorney's fees . . . must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). Rule 54(d) further provides:

> [u]nless a statute or court order provides otherwise, the motion must:
> (i) be filed no later than 14 days after the entry of judgment;
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; [and] (iii) state the amount sought or provide a fair estimate.

Fed. R. Civ. P. 54(d)(2)(B)(i)-(iii).

Here, neither statute—DTSA nor NJDTSA—requires that attorney's fees be proved at trial as an element of damages. *See* 18 U.S.C. § 1836; N.J. Stat. Ann. § 56:15-6. Instead, both fee-shifting statutes permit the Court to award reasonable attorney's fees to the *prevailing party*. 18 U.S.C. § 1836(b)(3)(D); N.J. Stat. Ann. § 56:15-6 (emphasis added). "Prevailing party," to whom a court may award reasonable attorney's fees under fee-shifting statutes, is one who has been awarded some relief by the court. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 598 (2001). In other words, Counterclaim Plaintiffs "must have 'secure[d] a material alteration of [their] legal relationship' with . . . [Counterclaim Defendant]." *Litgo N.J. Inc. v. Comm'r N.J. Dep't of Env't Prot.*, 725 F.3d 369, 398 (3d Cir. 2013). It is hard for the Court to imagine a circumstance, and Counterclaim Plaintiffs have not identified one, where the prevailing party of a claim is initiating a new action, necessitating the need to file their claim for attorney's fees as a cause of action in their initial pleading. That said, this principle only supports the proposition that claims for attorney's fees under DTSA and NJDTSA are more

8

appropriately brought by way of motion within the same case after receiving some relief from the Court, not in their initial pleadings as independent causes of action.[7]

As such, this Court finds that the Counterclaims for attorney's fees under DTSA and NJDTSA must be brought, if and when, Counterclaim Plaintiffs become the prevailing party. Consequently, the Court dismisses the Counterclaims without prejudice. *See Ozburn-Hessey Logistics, LLC v. 721 Logistics, LLC*, 40 F. Supp. 3d 437, 456 (E.D. Pa. 2014) (dismissing defendants' counterclaim for attorneys' fees "without prejudice to defendant's right to move for attorneys' fees pursuant to [Rule] 54"). Should Counterclaim Plaintiffs become the prevailing party, they may move for attorney's fees under DTSA and NJDTSA.

## IV.   CONCLUSION

For the above reasons, the Court grants Counterclaim Defendant's Motion to Dismiss Counterclaim Plaintiffs' Counterclaims. An appropriate order will follow this Memorandum Opinion.

/s/ Michael A. Shipp<br>
MICHAEL A. SHIPP<br>
UNITED STATES DISTRICT JUDGE

---

[7] This, however, is not to say that requests for attorney's fees should not be included in pleadings as "damages" or in the "prayer for relief," but that such a party must have an independent cause of action. *See Yang*, 2023 WL 425850, at *7. That is simply not the case here.